# EXHIBIT 1
# Complaint Filed in Superior Court of California, County of San Diego

Brett Schreiber, Esq. (SBN 239707)
Meagan Verschueren, Esq. (SBN 313117)
Katie Llamas, Esq. (SBN 303983)
Singleton Schreiber, LLP
591 Camino de la Reina, Ste. 1025
San Diego, California  92108
Tel: (619) 771-3473
bschreiber@singletonschreiber.com
mverschueren@singletonschreiber.com
kllamas@singletonschreiber.com

Attorneys for Plaintiff JOHN ROE

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

8/18/2025 2:30:04 PM

Clerk of the Superior Court
By  M. Manneh            ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

JOHN ROE,

      Plaintiff,

  v.

CORECIVIC, INC., formerly known as
Correction Corporation of America (CCA);
DOES 1 through 30, Inclusive,

      Defendants.

Case No.:   25CU043429C

**COMPLAINT FOR DAMAGES:**

1. **Negligent Supervision;**
2. **Negligent Hiring, Supervision, and Retention;**
3. **Negligence;**
4. **Negligence Per Se;**
5. **Sexual Battery;**
6. **Battery;**
7. **Sexual Harassment;**
8. **Bane Act Violation;**
9. **Gender Violence;**
10. **Intentional Infliction of Emotional Distress.**

**DEMAND FOR JURY TRIAL**

Plaintiff, JOHN ROE, by and through his attorneys of record, states and alleges as follows:

## INTRODUCTION

1. Plaintiff was detained at Otay Mesa Detention Center awaiting his immigration proceedings. While Plaintiff was detained, Defendants raped, sexually abused, battered, and

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1  sexually harassed him.

2      2.    Congress enacted the Prison Rape Elimination Act in 2003, 34 U.S.C. §30301, *et*

3  *seq.* ("PREA") to establish national standards for preventing sexual abuse of the kind Plaintiff

4  suffered, from happening to incarcerated people. Under PREA, the U.S. Department of Justice

5  promulgated detailed mandatory regulations that provide precise procedures that prisons

6  must follow. Otay Mesa Detention Center is run by CoreCivic, Inc., which adopted and were

7  bound by PREA policies.

8      3.    In California, California Penal Code section 289.6 makes it a crime for an entity

9  that provides a detention facility or staff for a detention facility, or an agent of an entity under

10  contract with a detention facility, including but not limited to officers, to engage in sexual

11  activity with adults confined in detention facilities—even consenting adults.  Here, Plaintiff

12  did not give consent and was sexually harassed, assaulted, and battered by CoreCivic, Inc., by

13  and through its agents and officers, including but not limited to JOHN ROE 1, and those

14  supervising and managing JOHN ROE 1, while Plaintiff was confined in CoreCivic, Inc.'s

15  detention facility.

16      4.    Correctional facilities in California have a duty to abide by State and Federal

17  laws, and to supervise and provide reasonable care for those incarcerated or in their custody.

18      5.    Despite mandatory protections and laws requiring the supervision and care of

19  Plaintiff while incarcerated at Otay Mesa Detention Center, Defendants allowed, facilitated

20  and ratified the abuse, battery and rape of Plaintiff and others at its detention center.

21  Defendants violated each of their respective duties to Plaintiff and violated Plaintiff's

22  constitutional and state rights.

23      6.    As a result of Defendants' wrongful acts and omissions described herein, Plaintiff

24  suffered and continues to suffer from physical and severe emotional injuries and damages.

25  <u>**JURISDICTION AND VENUE**</u>

26      7.    This Court has personal jurisdiction over the Defendants because the injury-

27  producing incidents described herein occurred within the State of California.

28      8.    The Superior Court for the State of California, County of San Diego is the proper

venue because the acts and omissions alleged herein occurred in San Diego, California which is located within the County of San Diego.

### PARTIES

9.     At all times relevant, Plaintiff was incarcerated in the custody of CoreCivic's Otay Mesa Detention Center located at 7488 Cazada De La Fuente, San Diego, California 92154 until approximately February of 2024. Plaintiff is currently an adult male resident of the State of Texas.

10.     Plaintiff's full legal name is being withheld to protect his identity under his California statutory and constitutional rights of privacy because this case involves intimate facts of his sexual body parts and sexual exploitation, and detailed facts of a sexual and intimate nature.  Plaintiff therefore proceeds under the pseudonym "John Roe" and shall hereinafter be referred to as "Plaintiff" or "John Roe."

11.     At all times relevant, Defendant CoreCivic, Inc. formerly known as Corrections Corporation of America, Inc. ("CoreCivic") was and is a for-profit Maryland corporation whose principal office is currently located at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027 and whose registered agent for service of process is 1505 CT Corporation System, 330 N. Brand Blvd, Glendale, CA. CoreCivic it owns and operates jails, prisons and other correctional facilities throughout the United States and California.  At all times relevant to this action, CoreCivic was registered to do business in the State of California and conducted business within San Diego County, State of California when operating its Otay Mesa Detention Center. Based upon information and belief, CoreCivic continues to own and operate real property and prisons and/or detention facilities in the State of California.

12.     At all times relevant and for the entirety of 2023, CoreCivic owned, operated, controlled, and was responsible for the Otay Mesa Detention Center located at or near 7488 Cazada De La Fuente, San Diego, California 92154.

13.     Defendant DOE 1 was at all times herein mentioned an agent and/or employee of CoreCivic and did sexually assault, batter and harass Plaintiff on or around August 18, 2023. Defendant DOE 1 worked as a correctional officer at CoreCivic's Otay Mesa Detention Center.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1  DOE 1 was directly involved in John Roe's assault, battery, and treatment while in the subject

2  detention facility.  DOE 1 is sued in his individual and official capacities.

3      14.  Defendants named herein as DOE 1 through DOE 30, inclusive, have real

4  identities that are currently unknown to Plaintiff, who therefore sues each DOE by such

5  fictitious names, and who will amend the Complaint to show their true names and capacities

6  when such names have been ascertained. Plaintiff is informed and thereon alleges that DOE

7  defendants were agents, servants, and employees of each of the other named defendants and

8  were acting at all times within the full course and scope of their agency and employment, with

9  the full knowledge and consent, either expressed or implied, of their principal and/or

10  employer and each of the other named defendants. Each of the defendants had approved or

11  ratified the actions of the other defendants, thereby making the currently named defendants

12  liable for the acts and/or omissions of their agents, servants, and/or employees.

13      15.  Upon information and belief, this case is currently under an ongoing criminal

14  investigation. The subject officers' names and/or badge numbers have not been released to

15  Plaintiff at this time. Upon information and belief, the United States, the U.S. Immigration and

16  Customs Enforcement agency, the Department of Homeland Security, and Defendant

17  CoreCivic have information about the officers' identities who facilitated, authorized, allowed,

18  committed, and/or ratified the wrongdoing and harm to Plaintiff alleged herein.

19      16.  Upon information and belief, the Subject Officer DOE 1 is, and at all times herein

20  mentioned was, acting as an agent of and was employed by CoreCivic at its Otay Mesa

21  Detention Center during the time period relevant to the events described herein.

22      17.  While acting and failing to act as alleged herein, Defendants had complete

23  custody of and control over Plaintiff, who was dependent upon Defendants for personal

24  security and basic life and safety necessities.

25      18.  In performing the acts and/or omissions contained herein, Defendants acted

26  maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate

27  indifference to the rights and personal security of Plaintiff. Each of them knew or should have

28  known that their conduct, attitudes, actions, and omissions were a threat to Plaintiff and to

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

4

COMPLAINT FOR DAMAGES

their constitutionally and statutorily protected rights. Despite this knowledge, Defendants failed to take steps to protect Plaintiff and to ensure that his rights were adequately protected while in the custody of Defendants.

**FACTUAL ALLEGATIONS**

19.    In 2012, the U.S. Department of Justice issued regulations designed to "prevent, detect, and respond to prison rape." See *28 C.F.R. §115, 77 Fed. Reg. No. 119*.

20.    Under PREA regulations, CoreCivic is required to and has a duty to "train all employees who may have contact with inmates" on the following: it "zero-tolerance policy for sexual abuse and sexual harassment," prevention, reporting, detection, and response to such behavior, "the right of inmates to…be free from retaliation for reporting sexual abuse and sexual harassment;" signs and dynamics of sexual abuse in confinement, and "common reactions of…victim;" and "how to avoid inappropriate relationships with inmates." *Id*. §115.31(a). The training must be "tailored to the gender of the inmates at the employee's facility," and the agency must conduct a refresher training on PREA standards every two years. *Id*. §115.31 (b)-(c). In off years from the training, "the agency shall provide refresher information on current sexual abuse and sexual harassment policies." *Id*. § 115.31(c). CoreCivic's Otay Mesa Detention Center violated these regulations.

21.    Per PREA regulations, administrative investigations of alleged sexual abuse by a staff member or incarcerated person are required to proceed "promptly, thoroughly, and objectively for all allegations, including third-party and anonymous reports." *Id*. §115.71 (a). Investigators must be specifically trained in sexual abuse investigations and must "gather and preserve direct and circumstantial evidence," including interviewing "alleged victims, suspected perpetrators, and witnesses" and "shall review prior complaints and reports of sexual abuse involving the suspected perpetrator." *Id*. §115.71 (b)-(c). The agency is prohibited from determining an alleged victim's credibility based on their "status as inmate or staff." *Id*. §115.71(e). Investigations are further required to "include an effort to determine whether staff actions or failures to act contributed to the abuse." *Id*. §115.71(f). "The departure of the alleged abused or victim from the employment or control of the facility or agency shall not provide a

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

basis for terminating an investigation." *Id*. §115.71(j).

22.    Defendants' Otay Mesa Detention Center housed and houses hundreds of detainees, mostly immigrants awaiting trial and/or court hearings. Defendant CoreCivic is a private, for-profit corporation that runs detention facilities to make a profit.

23.    At all times relevant, CoreCivic had a non-delegable duty to ensure that the conditions of confinement and health and safety of persons incarcerated at CoreCivic's Otay Mesa Detention Center, including Plaintiff, were protected in accordance with their constitutional rights.

24.    In or around 2016, the Human Rights Watch published "US: Deaths in Immigration Detention – Newly Released Records Suggest Dangerous Lapses in Medical Care"—an article that claims CoreCivic failed to supervise its employees and detainees and knowingly chose to fail to timely respond to serious and life-threatening medical emergencies.

25.    In or around 2021, the American Civil Liberties Union ("ACLU") released a report regarding CoreCivic's Otay Mesa Detention facility that compiled years of abuse allegations.  It included repeated patterns of abuse, lack of safety, physical abuse and overuse of solitary confinement targeting people who speak out about conditions. ACLU even sued Core Civic's detention centers around 2007 related to CoreCivic failing to provide necessary services in order to decrease spending and increase profits.

26.    Plaintiff was detained and/or incarcerated at Otay Mesa beginning on or around May 2023 through February 2024 for immigration proceedings. On or around August 2023, and based upon information and belief, on approximately August 18, 2023, Plaintiff was subject to rape, sexual abuse, sexual harassment, sexual assault, and sexual battery by the Subject Officer DOE 1 while DOE 1 was acting within the course and scope of his employment with Defendants and with Defendants' knowledge, ratification and/or such that Defendants knew or should have known about what DOE 1 did to Plaintiff because abuse was pervasive at the facility and based upon information and belief, this was not the first time DOE 1 physically harmed an inmate.

27.    At all times relevant and before and during the abuse of Plaintiff, Defendants

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

created an atmosphere and work environment where officers were allowed to physically abuse detainees and violate detainees constitutional rights. Defendants knowingly ratified and allowed its officers to commit abuse and unjust treatment to inmates and detainees.

28.     Defendants set up cameras throughout the subject Otay Mesa detention facility such that certain rooms did not have cameras and/or only showed certain areas of the room. Defendants and their officers knew where cameras were not located and/or where they could commit abuse of inmates and detainees, including sexual abuse, outside of camera view. DOE 1 used his authority during an inmate count to wrongfully and without cause place Plaintiff in a room where Defendants and he knew the security cameras in the facility would not capture his rape of Plaintiff.

29.     While in the room and after the count was over, the Subject Officer DOE 1 instructed Plaintiff to strip off his clothes for an unwarranted strip search. Plaintiff refused because according to Plaintiffs review of the policies and procedures outlined in the inmate manual, only a pat-down search was warranted where his only communications and interactions had been with the immigration court Judge.

30.     The subject officer, DOE 1, did not stop or let up. He continued to threaten Plaintiff and force Plaintiff to remove his clothes. Based upon Plaintiff's experience, Plaintiff knew and reasonably believed that if he did not comply with the officer DOE 1's unlawful demands, Plaintiff would be unlawfully punished.

31.     In response to threats and coercion, Plaintiff followed the subject officer, DOE 1's orders to remove his clothes to avoid punishment. Plaintiff had a reasonable belief that he would be punished if he refused the officers' orders due to the punishments imposed on other inmates who refused to follow orders.

32.     On or about August 18, 2023, Plaintiff had a dislocated shoulder and wore a sling on his arm which limited his mobility. Plaintiff followed DOE 1's orders to take his clothes off, first removing his pants. The subject officer, DOE 1, used his authority and Plaintiffs physical disability to take advantage of Plaintiff.

33.     The subject officer, DOE 1, observed as Plaintiff struggled to remove his clothing.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Plaintiff continued to follow DOE 1's orders to remove his shirt. As Plaintiff struggled to remove his shirt the officer stated, "You don't have to remove your shirt. If you don't say anything, I won't say anything." Plaintiff kept his shirt on. He was confused by the officer's statement.

34.     The officer, DOE 1, then ordered him to remove his boxers. Plaintiff followed Defendants' officer's orders and struggled to remove his boxers. The officer, DOE 1, then paid special attention to Plaintiff's penis and made several inappropriate sexual comments about the size and appearance of Plaintiff's penis. Plaintiff felt shocked and frozen. He tried to quickly put his boxers back on.

35.     The officer, DOE 1, once again observed as Plaintiff struggled with one arm and offered to help him three times. Plaintiff refused all three attempts because he did not want the officer to touch his penis.

36.     Despite the Plaintiff's refusal, the officer, DOE 1, said he was going to help a fourth time. The officer got down and reached down and began to rub the left side of his face on Plaintiff's penis. Plaintiff backed up from the officer, DOE 1, and attempted to pull up his boxers alone but struggled. Plaintiff nervously asked the officer, DOE 1, what he was doing. The officer responded, "Sorry I couldn't help myself."

37.     Then, the subject officer, DOE 1 reached down and rubbed the right side of his face on Plaintiff's penis. Plaintiff was terrified and backed up and tried to put on his pants as fast as he could.

38.     As he tried to leave the room, the subject officer, DOE 1, grabbed him and shoved his hand in Plaintiff's pants. Plaintiff was terrified and being physically forced. The officer removed Plaintiff's penis from his pants and got down placed it in his mouth and sucked his penis. Plaintiff was mortified and terrified. Plaintiff was threatened and ordered not to say or do anything.  Plaintiff was orally raped and physically and sexually violated.

39.     After the sexual assault, Plaintiff was ordered back to his cell. Defendants allowed Plaintiff to be in an improper room for a significant amount of time alone with the subject officer, DOE 1, while the assault occurred.  Defendants failed to adequately and

1  reasonably supervise Plaintiff and its officer, DOE 1.

2      40.    Hours later, after continuous panic attacks and despite his fear of retaliation,

3  Plaintiff requested to make a report and reported the rape to the sheriffs who performed a

4  DNA test of the remaining saliva on Plaintiffs penis.

5      41.    Based upon information and belief, CoreCivic did not do anything to prevent

6  further incidents from occurring or to keep Plaintiff safe from recurrence. Upon information

7  and belief, it was not until November of 2024 that the criminal investigator informed Plaintiff

8  that the DNA test from the saliva found on Plaintiffs penis matched the DNA from an officer,

9  the subject officer DOE 1.

10     42.    Plaintiff was forced to be detained for the remainder of his term at Otay Mesa

11 Detention Center through February 2024 approximately six and a half months after. While at

12 the center, Plaintiff suffered from PTSD and severe emotional distress and panic as a result of

13 being raped within the facility.  Plaintiff attempted suicide inside of his cell on two occasions

14 as a direct result of the sexual assault and battery. No proper psychiatric care was provided.

15 Since his release, Plaintiff attempted suicide on three occasions due to the lasting harmful,

16 humiliating, and dehumanizing effects of being raped by Defendants. Plaintiff continues to

17 experience severe emotional distress as a proximate result of the rape and treatment he

18 endured by Defendants.

19     43.    Defendants CoreCivic, including but not limited to the subject officer, DOE 1,

20 and his supervisors and managers, facilitated, allowed, and/or are legally responsible for their

21 employees' and agents' conduct that led to and that caused the rape incident and harm to

22 Plaintiff.

23     44.    CoreCivic failed to implement safety protocols, policies and procedures at Otay

24 Mesa Detention Center before and after this subject rape incident to deter and/or prevent

25 similar incidents. Based upon information and belief, similar incidents had occurred before

26 this incident.  Defendants knew that others had come forward about being sexually abused at

27 the subject facility.

28     45.    CoreCivic failed to discipline the subject officer and his supervisors and

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1  managers after notice of harmful behavior prior to and after the subject sexual assault and

2  battery.

3  46.    CoreCivic failed to keep Otay Mesa Detention Center in a safe condition and

4  failed to meet its duties to keep inmates and detainees safe and/or not to cause undue risk to

5  their lives and well-being.

6  47.    CoreCivic failed to adequately supervise its employees and agents and take

7  reasonable steps to prevent the foreseeable and known harms caused to Plaintiff.  CoreCivic

8  failed to adopt, implement and enforce necessary trainings to prevent sexual abuse by officers

9  at its facilities.

10  48.    At all times relevant, CoreCivic allowed and facilitated sexual abuse, assault, and

11  battery at Otay Mesa Detention Center.

12  49.    To date, Defendants have refused to give Plaintiff the subject officer's true

13  identity. At all times relevant, Defendants have chosen to protect their perpetrator officers and

14  attempt to cover up the systemic abuse that occurs at the subject Otay Mesa detention facility,

15  including the abuse of Plaintiff.

16  50.    Defendant CoreCivic had a non-delegable duty to ensure that the conditions of

17  confinement and health and safety of persons incarcerated at CoreCivic's Otay Mesa Detention

18  Center, including Plaintiff, are protected and in compliance with the Constitutions and laws of

19  the United States and the State of California.

20  51.    CoreCivic is responsible for the implementation of policies, procedures, practices

21  and customs, as well as the acts and omissions described in this lawsuit. CoreCivic is liable for

22  its own conduct and the acts and omissions of its servants, employees, agents and contractors

23  pursuant to the doctrine of agency, apparent agency, implied agency, employer/employee

24  relations, joint and several liability, respondent superior, vicarious liability, and contracts.

25  CoreCivic is also responsible for what happened to Plaintiff as a result of CoreCivic's non-

26  delegable duty to ensure the health and safety of the persons held in custody at CoreCivic's

27  Otay Mesa Detention Center, including at all relevant times, Plaintiff.

28  52.    As a result of the rape, sexual abuse, sexual harassment, sexual assault and sexual

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

battery by the Defendants and the subject officer, DOE 1, at Otay Mesa Detention Center, Plaintiff has suffered from intense depression, physical bodily sexual trauma, physiological bodily reactions to triggers, diagnosed PTSD, anxiety, panic, shame, humiliation, loss of self-esteem, loss of self-identity, crying spells, loss of trust in people, loss of trust in officers and the government, loss of appetite, lethargy, fear, fear of retaliation, re-victimization, flashbacks, intrusive suicidal thoughts, suicidal ideation, suicide attempts, social withdrawal, sadness, confusion, emotional distress, reputation harm, psychological reactions to triggers, sleep disturbance, loss of will to live, and loss of hope.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Negligent Supervision
### (As to all Defendants)

53.     Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

54.     Plaintiff brings this claim against Defendants, including CoreCivic. based on acts and/or omissions of Defendant CoreCivic and all other Defendants, individually and while working in their official capacities at Otay Mesa Detention Center and within the course and scope of their employment.

55.     Defendants had a duty to use reasonable care in training and supervision of its employee, agents, inmates and detainees. Defendants had a duty to properly supervise its employee and all inmates and detainees in order to lawfully maintain the health and safety of detainees.

56.     At all times relevant, CoreCivic had a duty to implement "zero-tolerance policy for sexual abuse and sexual harassment," prevention, reporting, detection, and response to such behavior, "the right of inmates to…be free from retaliation for reporting sexual abuse and sexual harassment;" signs and dynamics of sexual abuse in confinement, and "common reactions of…victim;" and "how to avoid inappropriate relationships with inmates." PREA §115.31(a).

57.     At all times relevant, CoreCivic had a duty to use reasonable care in the

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

supervision of its inmates, detainees and those within its custody and care. At all times relevant herein, CoreCivic failed to properly supervise its inmates, detainees, and Plaintiff at the Otay Mesa Detention Center.

58. Defendants breached their duty of care to inmates and detainees, including Plaintiff, and such breach caused Plaintiff to be raped by the subject officer, DOE 1, while in the care and custody of Defendants.

59. Defendants,' including CoreCivic's, negligent administration, operation and supervision of its inmates and detainees of Otay mesa Detention Center is a direct and proximate cause of Plaintiff's injuries.

60. The Subject Officer, DOE 1, used his authority as a law enforcement officer of CoreCivic, to rape, sexually assault, and sexually harass Plaintiff, and as a direct and proximate cause of this conduct permitted by CoreCivic and all other Defendants, Plaintiff suffered and continues to suffer from emotional, physical, medical and economic harms and losses due to physical bodily sexual trauma, physiological bodily reactions to triggers, diagnosed PTSD, anxiety, panic, shame, humiliation, loss of self-esteem, loss of self-identity, crying spells, loss of trust in people, loss of trust in officers, loss of appetite, lethargy, loss of will to live, fear, fear of retaliation, re-victimization, flashbacks, intrusive suicidal thoughts, suicidal ideation, suicide attempts, social withdrawal, sadness, confusion, emotional distress, reputation harm, psychological reactions to triggers, sleep disturbance, and loss of hope.

61. At all times relevant, DOE 1 and his supervisors and managers were all employed by and acting as direct agents of CoreCivic such that their wrongful actions described herein were the actions of CoreCivic.

62. DOE 1 and his supervisors and managers, and all managing agents of CoreCivic, were acting within the course and scope of their employment with CoreCivic at the time they engaged in the negligent and wrongful actions and inactions described herein.

63. But for CoreCivic and Defendants' negligent supervision of its employees and Plaintiff, Plaintiff would not have suffered the sexual assault, battery, harassment and injuries and damages described herein.

**COMPLAINT FOR DAMAGES**

64. As a direct, proximate and legal result of the negligent action and inaction of Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

65. As a direct, proximate and legal result of the negligent actions and inaction described herein of Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

66. As a direct, proximate and legal result of the negligent action and inaction by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

## SECOND CAUSE OF ACTION
### Hiring, Supervision, Training and Retention
### (As to all Defendants)

67. Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

68. Plaintiff brings this claim against CoreCivic based on acts and/or omissions of Defendant CoreCivic and all other Defendants, in their individual capacities and while working in their official capacities at Otay Mesa Detention Center.

69. At all times relevant, Defendants had a duty to use reasonable care in hiring, supervising, training and retention of its employees and agents that worked at the Otay Mesa Detention Center. Defendants had a duty to properly train and supervise their employees to use reasonable care in managing the health and safety of detainees.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

70.     Under PREA regulations and CoreCivic policies and procedures, CoreCivic is required to "train all employees who may have contact with inmates" on the following: it "zero-tolerance policy for sexual abuse and sexual harassment," prevention, reporting, detection, and response to such behavior, "the right of inmates to…be free from retaliation for reporting sexual abuse and sexual harassment;" signs and dynamics of sexual abuse in confinement, and "common reactions of…victim;" and "how to avoid inappropriate relationships with inmates." *Id*. §115.31(a). The training must be "tailored to the gender of the inmates at the employee's facility," and the agency must conduct a refresher training on PREA standards every two years. *Id*. §115.31 (b)-(c). In off years from the training, "the agency shall provide refresher information on current sexual abuse and sexual harassment policies." *Id*. § 115.31(c). CoreCivic violated these regulations and duties.

71.     Defendants breached their duty of care when they failed to reasonably adopt hiring policies and procedures to prevent unqualified and unfit persons to work directly with detainees and inmates, including Plaintiff. Defendants breached their duty of care when they failed to conduct reasonable background checks and reference checks on its employees, including but not limited to DOE 1.

72.     Defendants breached their duty of care when they failed to supervise their employees and implement training, policies, procedures and mandatory standards regarding supervision of their employees to prevent employees from engaging in unlawful contact with detainees, being alone and/or unsupervised with detainees, and/or using their power and authority to abuse and harm detainees.

73.     Defendants did not take action, or did not take action in a timely manner, to respond to, reprimand or correct actions based on reports of DOE 1, and other employees' harm of inmates, such that Defendants and each of them, ratified their employees' and agents' bad acts that caused physical harm to detainees, including but not limited to Plaintiff at the time of the incidents alleged herein.

74.     At all times relevant and before Plaintiff was harmed as alleged herein, Defendants negligently hired, trained, supervised and retained employees, including but not

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

limited to DOE 1, so as to cause harm and abuse of inmates and detainees, such that Plaintiff was allowed to be alone in a room that he should not have been in with an officer that should not have been doing what he was doing at the time, and then and there raped by the subject officer DOE 1 while in their care and custody of Defendants at Otay Mesa Detention Center.

75.    Defendants' negligence described above is a direct and proximate cause of Plaintiff's injuries and harm alleged herein.

76.    As a direct, proximate and legal result of the negligent action and inaction of Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

77.    As a direct, proximate and legal result of the negligent actions and inaction described herein of Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

78.    As a direct, proximate and legal result of the negligent action and inaction by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

### THIRD CAUSE OF ACTION
**Negligence**
**(As to all Defendants)**

79.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

80.    Plaintiff brings this claim against CoreCivic based on acts and/or omissions of

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Defendant CoreCivic and all other Defendants, in their individual capacities and while working in their official capacities at Otay Mesa Detention Center.

81.    At all relevant times, CoreCivic negligently hired various correctional and/or administrative personnel at Otay Mesa Detention Center, including but not limited to wardens, associate wardens, captains, lieutenants, unit managers, counselors, correctional officers, and investigators.

82.    At all relevant times, CoreCivic's personnel, including the subject officer, DOE 1, held themselves out to Plaintiff as correctional and/or administrative personnel with knowledge, capacity, and ability to provide due care in accordance with standards of reasonable care common and acceptable in the community.  Defendants held themselves out to Plaintiff as acting on behalf of the prison facility and CoreCivic.

83.    Defendants had a custodial duty, as well as a mandatory statutory obligation under PREA, to protect Plaintiff, who was incarcerated, from foreseeable harm, including sexual abuse. This duty was non-delegable. PREA has a "zero-tolerance policy for sexual abuse and sexual harassment." *Id.* §115.31(a)

84.    Defendants also owed a general duty of care to Plaintiff to act as a reasonable prudent person and/or entity would under similar circumstances so as to avoid causing injury and harm to Plaintiff.  Defendants had a duty to use reasonable care. It was Defendants' duty and responsibility to use reasonable care to maintain, operate, and control Otay Mesa Detention Center as a safe and secure space for incarcerated and detained people, including Plaintiff. It was the Defendant's duty to protect incarcerated people from foreseeable harm.

85.    Defendants, individually or through its agents, servants, contractors, and/or employees acting within the scope of their employment, breached those duties by failing to use the reasonable care that an ordinary prison owner and operator would use in the supervision, ownership and operation of Otay Mesa Detention Center in a manner that would have prevented foreseeable harm to detainees, including Plaintiff.

86.    A reasonable detention center owner and operator would have complied with PREA regulations.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

87. A reasonable detention center owner, operator and administrator would have used reasonable care in the hiring, training, supervision and policies such that it would not have exposed numerous detainees, including Plaintiff, to physical harm, including but not limited to rape.

88. Agents, servants, contractors, and/or employees of Defendants knew or should have known about the foreseeability of the sexual abuse and sexual harassment that Plaintiff was susceptible to, and breaching their duties directly exposed Plaintiff to an unreasonable risk of bodily injury, rape, sexual assault and sexual abuse.

89. Despite notice, Defendants, through its employees, did not take reasonable, available measures to abate the risk of sexual abuse to Plaintiff in violation of federal regulations, policies and procedures, and their duties.

90. Defendants, through its employees and agents, also failed to train, retain, and supervise officers as well as monitor and investigate claims against officers in a reasonable and careful fashion.

91. At all relevant times, Defendants breached their duties to Plaintiff and were negligent.

92. Defendants' negligence in owning, operating, and/or administering Otay Mesa Detention Center facility was a direct and proximate cause of Plaintiff's harms alleged herein.

93. The subject officers', including but not limited to DOE 1's, employment at Otay Mesa Detention Center was essential to their commission of tortious misconduct, which would not have happened absent his employment and privileges.

94. The subject officer, DOE 1's, misconduct was grossly negligent as he showed complete disregard for rights and safety of Plaintiff.

95. It was foreseeable to Otay Mesa Detention Center's personnel and Defendants, including CoreCivic, that Plaintiff was at risk of imminent serious harm including sexual abuse, if not supervised and cared for.

96. Plaintiff is entitled to recover damages from Defendants, including CoreCivic, for the foreseeable and known wrongful acts/omissions of its employees, as well as for

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

17

Defendants' own negligent conduct.

97.     As a direct, proximate and legal result of the negligent action and inaction of Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

98.     As a direct, proximate and legal result of the negligent actions and inaction described herein of Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

99.     As a direct, proximate and legal result of the negligent action and inaction by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

### FOURTH CAUSE OF ACTION
**Negligence Per Se**
**(As to all Defendants)**

100.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

101.    Plaintiff brings this claim against CoreCivic based on acts and/or omissions of Defendant CoreCivic and all other Defendants, in their individual capacities and while working in their official capacities at Otay Mesa Detention Center.

102.    In California, California Penal Code section 289.6 makes it a crime for an entity that provides a detention facility or staff for a detention facility, or an agent of an entity under contract with a detention facility, including but not limited to officers, to engage in sexual

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

activity with adults confined in detention facilities—even consenting adults.  Here, Plaintiff did not give consent and was sexually harassed, assaulted, and battered by CoreCivic, Inc., by and through its agents and officers, including but not limited to JOHN ROE 1, and those supervising and managing JOHN ROE 1, while Plaintiff was confined in CoreCivic, Inc.'s detention facility.

103.    Correctional facilities in California have a duty to abide by State and Federal laws, and to supervise and provide reasonable care for those incarcerated or in their custody.

104.    Penal Code section 289.6 was enacted to prevent the type of harm Plaintiff suffered and the type of incident that caused the harm Plaintiff suffered.  Therefore, the incident and Plaintiff are both in the class of which the statute is intended to protect.

105.    At all relevant times, CoreCivic negligently hired various correctional and/or administrative personnel at Otay Mesa Detention Center, including but not limited to wardens, associate wardens, captains, lieutenants, unit managers, counselors, correctional officers, and investigators.

106.    At all relevant times, CoreCivic's personnel, including the subject officer, DOE 1, held themselves out to Plaintiff as correctional and/or administrative personnel with knowledge, capacity, and ability to provide due care in accordance with standards of reasonable care common and acceptable in the community.  Defendants held themselves out to Plaintiff as acting on behalf of the prison facility and CoreCivic.

107.    Defendants had a custodial duty, as well as a mandatory statutory obligation under PREA, to protect Plaintiff, who was incarcerated, from foreseeable harm, including sexual abuse. This duty was non-delegable. PREA has a "zero-tolerance policy for sexual abuse and sexual harassment." *Id.* §115.31(a)

108.    Defendants also owed a general duty of care to Plaintiff to act as a reasonable prudent person and/or entity would under similar circumstances so as to avoid causing injury and harm to Plaintiff.  Defendants had a duty to use reasonable care. It was Defendants' duty and responsibility to use reasonable care to maintain, operate, and control Otay Mesa Detention Center as a safe and secure space for incarcerated and detained people, including

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Plaintiff. It was the Defendant's duty to protect incarcerated people from foreseeable harm.

109.    Defendants, individually or through its agents, servants, contractors, and/or employees acting within the scope of their employment, breached those duties by failing to use the reasonable care that an ordinary prison owner and operator would use in the supervision, ownership and operation of Otay Mesa Detention Center in a manner that would have prevented foreseeable harm to detainees, including Plaintiff.

110.    A reasonable detention center owner and operator would have complied with PREA regulations.

111.    A reasonable detention center owner, operator and administrator would have used reasonable care in the hiring, training, supervision and policies such that it would not have exposed numerous detainees, including Plaintiff, to physical harm, including but not limited to rape.

112.    Agents, servants, contractors, and/or employees of Defendants knew or should have known about the foreseeability of the sexual abuse and sexual harassment that Plaintiff was susceptible to, and breaching their duties directly exposed Plaintiff to an unreasonable risk of bodily injury, rape, sexual assault and sexual abuse.

113.    Despite notice, Defendants, through its employees, did not take reasonable, available measures to abate the risk of sexual abuse to Plaintiff in violation of federal regulations, policies and procedures, and their duties.

114.    Defendants, through its employees and agents, also failed to train, retain, and supervise officers as well as monitor and investigate claims against officers in a reasonable and careful fashion.

115.    At all relevant times, Defendants breached their duties to Plaintiff and were negligent.

116.    Defendants' negligence in owning, operating, and/or administering Otay Mesa Detention Center facility was a direct and proximate cause of Plaintiff's harms alleged herein.

117.    The subject officers', including but not limited to DOE 1's, employment at Otay Mesa Detention Center was essential to their commission of tortious misconduct, which

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1    would not have happened absent his employment and privileges.

2    118.    The subject officer, DOE 1's, misconduct was grossly negligent as he showed

3    complete disregard for rights and safety of Plaintiff.

4    119.    It was foreseeable to Otay Mesa Detention Center's personnel and Defendants,

5    including CoreCivic, that Plaintiff was at risk of imminent serious harm including sexual

6    abuse, if not supervised and cared for.

7    120.    Defendant's violated statutes that were intended to prevent the type of harm

8    suffered here and persons like Plaintiff.  Thus, Defendants are and were negligent per se.

9    121.    Plaintiff is entitled to recover damages from Defendants, including CoreCivic,

10    for the foreseeable and known wrongful acts/omissions of its employees, as well as for

11    Defendants' own negligent conduct.

12    122.    As a direct, proximate and legal result of the negligent action and inaction of

13    Defendants, and each of them, described above, Plaintiff was injured in his health, strength

14    and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to

15    his health and person, all to his general damages in a sum which will be shown according to

16    proof.

17    123.    As a direct, proximate and legal result of the negligent actions and inaction

18    described herein of Defendants, and each of them, described above, Plaintiff was injured and

19    may be disabled in the future and thereby prevented from attending to the duties of his usual

20    occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven

21    at trial.

22    124.    As a direct, proximate and legal result of the negligent action and inaction by

23    Defendants, and each of them, Plaintiff required and will require medical care, medical

24    treatment, life care, and other incidental expenses and will likely incur additional like

25    expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave

26    of court either to amend this Complaint so as to show the amount of his medical and life care

27    expenses, when ascertained, or to prove the amount at the time of trial.

28    / / /

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

# FIFTH CAUSE OF ACTION
## Sexual Battery – Cal. Civ. Code §1708.5

125.   Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

126.   At all times relevant, Defendants' employee and agent, DOE 1, intended to cause a harmful and offensive contact with Plaintiff's penis and the sexually offensive contact with Plaintiff resulted directly.

127.   Defendants subjected Plaintiff to sexual acts, with the intent to cause harmful or offensive contact. Such contact with Plaintiff was deeply offensive to his personal dignity and would offend a person of ordinary sensitivity.

128.   Plaintiff did not consent to any of the touching, including the sexual offensive touching of his penis.

129.   Defendant DOE 1, and the ratifying and authorizing officers, were acting within the course and scope of their employment with and under the authority given to them by, Defendants, including CoreCivic, when they committed the sexual battery described herein.

130.   At all times relevant, Defendants and CoreCivic, ratified DOE 1 and his supervisors' and managers wrongful conduct that led to and that consisted of the sexual battery.

131.   As a direct, proximate and legal result of the sexual battery by Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

132.   As a direct, proximate and legal result of the sexual battery described herein by Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

133.   As a direct, proximate and legal result of the sexual battery by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

134.    In committing the extreme and outrageous wrongful acts and omissions described herein, Defendants acted with malice, oppression and fraud; and its officers, directors and/or managing agents authorized and/or ratified the conduct, justifying an award of punitive damages against Defendants.

## SIXTH CAUSE OF ACTION
### Battery
### (As to all Defendants)

135.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

136.    At all times relevant, Defendants' employee and agent, DOE 1, intended to cause a harmful and offensive contact with Plaintiff's body and penis and the sexually offensive contact with Plaintiff resulted directly.

137.    Defendants touched Plaintiff and caused Plaintiff to be touched with the intent to harm or offend him, and did so without Plaintif's consent.

138.    Defendant DOE 1, and the ratifying and authorizing officers, were acting within the course and scope of their employment with and under the authority given to them by, Defendants, including CoreCivic, when they committed the assault and battery described herein.

139.    At all times relevant, Defendants and CoreCivic, ratified DOE 1 and his supervisors' and managers wrongful conduct that led to and that consisted of the assault and battery.

140.    As a direct, proximate and legal result of the battery by Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

141.    As a direct, proximate and legal result of the battery described herein by Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

142.    As a direct, proximate and legal result of the battery by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

143.    In committing the extreme and outrageous wrongful acts and omissions described herein, Defendants acted with malice, oppression and fraud; and its officers, directors and/or managing agents authorized and/or ratified the conduct, justifying an award of punitive damages against Defendants.

## SEVENTH CAUSE OF ACTION
### Sexual Harassment – Cal. Civ. Code § 51.9
### (As to all Defendants)

144.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if  fully set forth herein.

145.    At all times relevant, Defendant DOE 1 and all other agents and employees that facilitated, approved, allowed and ratified DOE 1's conduct, were acting in the course and scope of their employment with CoreCivic and DOES 2 through 30, as well as direct agents of and on behalf of CoreCivic.

146.    A person is liable for sexual harassment when a special relationship exists between a plaintiff and a person where there is considerable imbalance of power; the defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance, or engaged in other verbal, visual, or physical conduct of a sexual nature or hostile nature based on gender, that were unwelcome and pervasive or severe; and the plaintiff has suffered or will

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1  suffer economic loss or personal injury including emotional distress or violation of a statutory

2  or constitutional right.

3       147.    There exists at Otay Mesa Detention Center, as all detention centers, an extreme

4  imbalance of power between the officers and the incarcerated individuals with whom they

5  control and are charged with the care. The detention center and its officers control every aspect

6  of incarcerated person's lives and have control over their punishments, as well as every aspect

7  of their daily lives and actions within the facility.

8       148.    For purposes of Cal. Civ. Code §51.9, a special relationship exists/existed

9  between Defendants, including DOE 1 officer, and Plaintiff.

10       149.    Defendant CoreCivic has a special relationship with their detainees because

11  immigration detainees at CoreCivic's Otay Mesa Detention center are deprived of their liberty

12  and are placed in CoreCivic's custody. It becomes Defendants' duty to care for detainees'

13  health, safety, and welfare.

14       150.    At all relevant times, Defendants owed a special affirmative, non-delegable duty

15  to detainees, including Plaintiff.  Defendants had a business and service relationship with

16  Plaintiff and Defendants, by and through their employees, made sexual advances, solicitations,

17  sexual requests, and demands for sexual compliance to Plaintiff.

18       151.    At all times relevant, by and through its employees and agents, Defendants

19  engaged in verbal and physical conduct of a sexual and hostile nature to Plaintiff.

20       152.    Defendants' conduct alleged herein was severe.

21       153.    As a direct and proximate result of Defendant's sexual harassment of Plaintiff

22  described herein, Plaintiff was injured, suffered personal injuries, and had his constitutional

23  rights violated.

24       154.    As a direct, proximate and legal result of the sexual harassment by Defendants,

25  and each of them, described above, Plaintiff was injured in his health, strength and activity,

26  sustaining physical, mental and nervous pain and suffering, and severe shock to his health and

27  person, all to his general damages in a sum which will be shown according to proof.

28       155.    As a direct, proximate and legal result of the sexual harassment described herein

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

by Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

156.    As a direct, proximate and legal result of the sexual harassment by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

## EIGHTH CAUSE OF ACTION
### Violation of the Tom Bane Act (California Civil Code 52.1)
### (As to all Defendants.)

157.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if fully set forth herein.

158.    The California Legislature has declared that it violates the State civil rights statute for any person to interfere with the exercise of enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

159.    Speech alone is sufficient where the threatened person reasonably fears violence because the person threating had the apparent ability to carry out the threat. Because of the coercive, and sometimes violent, nature of a prison and commonly known punishments in which detainees do not follow orders, Plaintiff reasonably feared violence by Defendants, including DOE 1.

160.    Defendants though their agents, servants, contractors, and/or employees, violated Plaintiff's civil rights, including but not limited to, his right of protection from bodily harm and sexual violations, and the imposition of punishment without due process. Defendants violated these rights by threats, intimidation, coercion and force at the time of the violation.

**COMPLAINT FOR DAMAGES**

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

161.    Defendants, by and through its employees/agents, including DOE 1, intimidated, coerced and forced Plaintiff into being raped by DOE 1 in violation of his rights and intentionally interfered with Plaintiff's exercise of his civil rights and bodily autonomy and right to be free from sexual violence.

162.    As a direct and proximate result of the Defendants' violation of the Bane Act described herein, and interference with Plaintiff's civil rights, Plaintiff has suffered physical and severe emotional damages in an amount that will be shown according to proof at the time of trial.

163.    Plaintiff is also entitled to statutory civil rights penalties set forth in Civil Code § 52.1, including attorneys' fees and costs of suit incurred herein.

## NINTH CAUSE OF ACTION
### Gender Violence – Cal. Civ. Code § 52.4
### (As to all Defendants)

164.    Plaintiff incorporates by reference every allegation in the preceding paragraphs as if  fully set forth herein.

165.    As more thoroughly alleged above, Defendants and each of them, engaged in gender violence and sex discrimination, when, due to Plaintiff's sex, they committed criminal offenses and sexual harassment and battery of Plaintiff by use of physical force and coercion.

166.    At all times relevant, a physical intrusion and invasion of a sexual nature under coercive conditions occurred when Defendants, by and through their employees and agents, sexually battered and harassed Plaintiff at the detention center.

167.    Defendants, by and through their violations of PREA and state penal codes alleged herein, directly engaged in gender violence and therefore are liable to Plaintiff for all of the harm caused by their gender violence.

168.    The coercive conditions at CoreCivic's Otay Mesa Detention Center were evident due to the nature of the relationship and power imbalance between a correctional officer and an inmate such as Plaintiff. The Subject Officer used his authority to rape Plaintiff and take advantage of his disability due to his dislocated shoulder.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**COMPLAINT FOR DAMAGES**

169.    The Subject Officer employed by CoreCivic discriminated against Plaintiff on his sex and/or gender when he physically invaded upon his body by rubbing his face of Plaintiffs penis and putting Plaintiffs penis in his mouth and sucking Plaintiffs penis all under coercive conditions.

170.    CoreCivic's and Defendants' gender violence proximately and directly caused injuries and damages to Plaintiff, including severe emotional distress.

171.    As a direct, proximate and legal result of the gender violence by Defendants, and each of them, described above, Plaintiff was injured in his health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to his health and person, all to his general damages in a sum which will be shown according to proof.

172.    As a direct, proximate and legal result of the gender violence described herein by Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of his usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

173.    As a direct, proximate and legal result of the gender violence by Defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of his medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

174.    In committing the extreme and outrageous wrongful acts and omissions described herein, Defendants acted with malice, oppression and fraud; and its officers, directors and/or managing agents authorized and/or ratified the conduct, justifying an award of punitive damages against Defendants.

**TENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress ("IIED")**
**(As to all Defendants)**

175.    Plaintiff incorporates by reference every allegation in the preceding paragraphs

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

as if fully set forth herein.

176.    Defendants, and each of their, conduct caused Plaintiff to suffer severe emotional distress.

177.    At all times relevant, the conduct of Defendants in allowing physical and sexual abuse to occur at the subject detention center, and in allowing and ratifying the sexual abuse of Plaintiff, was outrageous.

178.    Defendants, and each of them, intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff would experience severe emotional distress and was likely to when physically and sexually violated by an officer while be detained by Defendants.

179.    CoreCivic individually or through its agents, servants, contractors, and/or employees, engaged in extreme and outrageous conduct by subjecting Plaintiff to unlawful sexual acts while incarcerated in their custody, through the above-described acts and omissions.

180.    At all relevant times the subject officer, DOE 1, was responsible for supervising, disciplining, overseeing, monitoring, controlling, directing, restraining, and imprisoning Plaintiff within the scope of his employment with CoreCivic.

181.    As a direct and proximate result of Defendant's outrageous conduct committed with the intent or reckless disregard to cause Plaintiff emotional distress, Plaintiff did indeed suffer severe emotional distress.

182.    Defendants' conduct alleged herein was a substantial factor in causing Plaintiff's severe emotional distress.

183.    In committing the extreme and outrageous wrongful acts and omissions described herein, Defendants acted with malice, oppression and fraud; and its officers, directors and/or managing agents authorized and/or ratified the conduct, justifying an award of punitive damages against Defendants.

/ / /

/ / /

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, and the following relief as follows:

1.    For general and compensatory damages in an amount according to proof at trial;

2.    For special damages in an amount according to proof at trial;

3.    For costs of litigation and expert costs;

4.    For punitive damages as to Causes of Action Five, Six, Nine and Ten only;

5.    For interest and prejudgment interest at the legal rate of 10%; and,

6.    For such other and further relief as the court deems proper and just under all the circumstances.

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned matter.

Dated: 8/18/2025        SINGLETON SCHREIBER, LLP

By: *Meagan Verschueren*

Brett Schreiber, Esq.
Meagan Verschueren, Esq.
Katie Llamas, Esq.
Attorneys for PLAINTIFF

COMPLAINT FOR DAMAGES