UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOHN ROE,
Plaintiff,
v.
CORECIVIC, INC., formerly known as Correction Corporation of America (CCA); DOES 1 through 30, inclusive,
Defendants.

Case No.: 3:25-cv-02471-GPC-DDL

**ORDER GRANTING PLAINTIFF JOHN ROE'S MOTION FOR LEAVE TO AMEND THE PLEADINGS**

**[ECF No. 38]**

Before the Court is Plaintiff John Roe's ("Plaintiff") motion for leave to file a second amended complaint. ECF No. 38. The Court finds the matter suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and therefore VACATES the hearing set for August 14, 2026. For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to amend.

## BACKGROUND

### I. Factual Background

From approximately May 2023 through February 2024, Plaintiff was incarcerated at the Otay Mesa Detention Center ("OMDC") pending their immigration proceedings. ECF

No. 21, ¶ 26. Plaintiff alleges that, on or around August 18, 2023, Defendant Doe 1 sexually assaulted them. *Id*. ¶ 13. Plaintiff further alleges Doe 1 was acting in his capacity as an employee of Defendant CoreCivic and that CoreCivic had prior knowledge of Doe 1 being an abusive threat towards inmates yet did nothing to prevent further sexual abuse. *Id*. ¶ 26. Plaintiff remained detained at OMDC for approximately six and a half months following their assault. *Id.* ¶ 42. As a result, Plaintiff alleges that they suffered from PTSD and severe emotional distress, leading to two suicide attempts inside their cell. *Id.* Plaintiff states that they continue to experience severe emotional distress caused by the sexual assault. *Id.*

**II. Procedural Background**

On August 18, 2025, Plaintiff filed their complaint in California Superior Court in San Diego County. ECF No. 1-2, at 2. Plaintiff's original complaint alleged the following claims against CoreCivic and Does 1 through 30: (1) negligent supervision of detainees in Defendants' care; (2) negligent hiring, supervision, and retention; (3) negligence; (4) negligence per se; (5) sexual battery under Cal. Civ. Code § 1708.5; (6) battery; (7) sexual harassment under Cal. Civ. Code § 51.9; (8) violation of the Tom Bane Act, Cal. Civ. Code § 52.1; (9) gender violence under Cal. Civ. Code § 52.4; and (10) intentional infliction of emotional distress. *See generally* ECF No. 1-2.

On September 18, 2025, Defendant CoreCivic removed Plaintiff's complaint to this Court pursuant to the federal officer removal statute 8 U.S.C. § 1442(a)(1). *Id.* On October 31, 2025, CoreCivic moved to dismiss Plaintiff's claim under the Federal Rule of Civil Procedure 12(b)(6). ECF No. 8.

On January 27, 2026, the Court Denied in Part and Granted in Part Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim. ECF No. 16. The Court granted Plaintiff leave to file an amended complaint if they chose to do so. *Id.* On February 17, 2026, Plaintiff filed their first amended complaint ("FAC"). ECF No. 21. Plaintiff's FAC alleges the following causes of action: (1) negligent supervision of detainees in defendants' care; (2) negligent supervision, training and hiring; (3) negligence; (4) sexual

battery under Cal. Civ. Code § 1708.5; (5) battery; (6) Tom Bane Act Violation, Cal. Civ. Code § 52.1; and (7) Intentional Infliction of Emotional Distress. *Id.* Defendant answered Plaintiff's FAC on March 3, 2026. ECF No. 22.

On June 1, 2026, Plaintiff filed a motion for leave to amend and file a second amended complaint ("SAC"). ECF No. 38. Plaintiff requests leave to amend for the following reasons: (1) to correct the pronouns used in the complaint to accurately reflect Plaintiff's use of they/them pronouns; (2) to comply with the Southern District of California's local rules of typeface and font; and (3) to add an eighth cause of action under California Government Code § 7320. *Id.* at 3. Plaintiff's proposed SAC also includes new facts to support the additional cause of action. *See* ECF No. 38-1, at ¶¶12-13.

## LEGAL STANDARD

Under the Federal Rule of Civil Procedure 15, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting leave to amend rests on the sound discretion of the court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion is guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Considering Rule 15's liberal policy, it is the nonmoving party's burden to show why leave to amend should be denied. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

Courts consider five factors when determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) whether the plaintiff has previously amended their complaint; (4) futility of amendment; and (5) undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

These factors do not carry equal weight; the possibility of delay alone cannot justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. Notably, the most important factor is whether prejudice would result as a consequence of granting leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Moreover, courts "must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987)).

**DISCUSSION**

Plaintiff requests leave to amend to correct Plaintiff's pronouns, comply with the Southern District of California's local rules of typeface and font, and add an eighth cause of action under California Government Code § 7320. ECF No. 38 at 3. Plaintiff argues that the Court should grant leave to amend because Plaintiff seeks leave in good faith, amendment is not futile and will not cause undue prejudice or delay, and the proposed eighth cause of action relates back to Plaintiff's original claims.[1] *Id.* at 4.

---

[1] Because Plaintiff needed to allege new facts to support their new claim—such as the existence of a contract between Defendant and the government—it is not clear to the Court that Plaintiff's new cause of action does, in fact, relate back to Plaintiff's original claims. *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (citations omitted) ("[A]n amendment will not relate back where the amended complaint had to include additional facts to support the [new] claim."). However, relation-back is required only when a plaintiff seeks to raise an otherwise time-barred claim. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Defendants do not argue that Plaintiff's claim is time-barred, nor is untimeliness clear from the face of the amended complaint. *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 790 n.10 (N.D. Cal. 2019) (statute of limitations is an affirmative defense which must be raised by defendant and is

Defendant opposes only the addition of the eighth cause of action. ECF No. 43, at 1. Specifically, Defendant argues that Plaintiff's proposed eighth cause of action is futile. *Id*. at 3-4. Defendant further argues that it would be prejudiced by the amendment because the SAC includes new facts and certain discovery deadlines have already passed or will pass by the time this motion is adjudicated. *Id.* at 5.

Based on the *Foman* factors analysis below, the Court finds that leave to amend should be granted.

## I. Undue Delay, Bad Faith, and Previously Amended Complaints

Defendant does not argue that the amendment will cause undue delay, was made in bad faith, or is unreasonable in light of previously amended complaints. The Court agrees that none of these factors would persuade the Court to refuse leave to amend. The Court notes that the close of discovery remains four months away, and that Plaintiff moved to amend within the deadline to amend pleadings contemplated by the operative scheduling order in this case. *See* ECF No. 28, ¶ 2. There has been no evidence of bad faith nor an excessive number of pleadings. Accordingly, the Court finds no reason to deny leave to amend based on the first three *Foman* factors.

## II. Futility

A proposed amendment is considered futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Defendant argues that Plaintiff's amendment is futile because Plaintiff will not be able to succeed on their § 7320 claim. ECF No. 43, at 3.

---

only appropriate before summary judgment when it is "absolutely clear" from the face of the complaint that the claim is untimely). Thus, issues of timeliness and relation back are not before the Court and will not impact the Court's consideration of Plaintiff's motion.

California Government Code § 7320 requires "[a]ny private detention facility operator . . . [to] comply with, and adhere to, the detention standards of care and confinement agreed upon in the facility's contract for operations." Cal. Gov't Code § 7320(a). The statute creates a private right of action enabling "an individual who has been injured by" a tortious action committed by the "private detention facility operator, [an] agent of a private facility, or [a] person acting on behalf of a detention facility operator," to "bring a civil action for relief." Cal. Gov. Code § 7320(c). Plaintiff's SAC alleges that Defendant is liable under § 7320 because Doe 1 committed a tortious action that violated the standards of care agreed upon in OMDC's contract with the federal government. ECF No. 38-1, ¶¶ 139-157.

Notably, § 7320 exempts certain facilities from "detention facility" status, including those providing "vocational, medical, or other ancillary services to an inmate in the custody of, and under the direct supervision of, the Department of Corrections and Rehabilitation or a county sheriff or other law enforcement agency." Cal. Gov. Code § 7320(b)(1)(C).

Defendant contends that Plaintiff's proposed eighth cause of action is futile because Defendant's facility is exempted under the statute, citing to the fact that Plaintiff was detained at OMDC in the custody of Immigration and Customs Enforcement ("ICE")—a law enforcement agency—and OMDC provides vocational and medical services to ICE detainees (in accordance with Defendant CoreCivic's contract with ICE). ECF No. 43 at 3-4. Plaintiff argues that Defendant's challenges to the merits of Plaintiff's claim are inappropriate for resolution at this stage in the proceedings. ECF No. 45, at 4-5. The Court agrees.

Denial of leave to amend on futility grounds "is rare." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003); *Green Valley Corp. v. Caldo Oil Co*., No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"); *see also Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("However, denial [of a motion to

amend] on this ground is rare and courts generally defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend has been granted and the amended pleading is filed. *Netbula, LLC*, 212 F.R.D. at 539; *SAEs Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

At this stage, the Court is not ruling on the sufficiency of the proposed pleadings, but only on whether "no set of facts" can be proven that would constitute a valid and sufficient claim. *Miller*, 845 F.3d at 656. Here, the parties dispute whether Defendant is exempt from liability under § 7320. The Court declines to delve into the merits of the proposed claim and determines that this issue is better resolved in a later motion to dismiss.[2] *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

Accordingly, the Court will not deny leave to amend on futility grounds.

**III. Prejudice**

Prejudice is the most important factor in the *Foman* factors inquiry, and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC*, 316 F.3d at 1052. Prejudice may exist where new allegations "greatly alter the nature of

---

[2] In support of their argument that Defendant is not exempt from liability under Cal. Gov't Code § 7320, Plaintiff has moved to file an exhibit to their reply brief under seal. ECF No. 45, at 5–6 n.3; ECF Nos. 46, 47. Because the Court will not delve into the merits of Plaintiff's new cause of action at this time, it need not consider Plaintiff's proposed exhibit. Plaintiff's motion to seal, ECF No. 46, is therefore DENIED as moot.

litigation" and would require defendants to undertake "an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("When, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Defendant contends that Plaintiff "injects [] new factual matter" to prove their proposed claim, specifically that CoreCivic had a contract with the U.S. Government and failed to abide by the detention standard of care agreed upon in the contract. ECF No. 43 at 5. Defendant argues that it will be prejudiced by Plaintiff's proposed amendment because (1) Plaintiff will be unable to prove their new claim by the same witnesses and documents as their original claims; (2) Defendant was not put on notice that it would need to defend against the new contract-based statutory claim; (3) Plaintiff sought leave to amend the same day as the parties' deadline to serve written discovery. *Id.* at 6. Defendant also contends it does not have sufficient interrogatories remaining to explore Plaintiff's new claim. *Id.* at 5-6.

The Court finds Defendant's arguments unconvincing. While it is true that Plaintiff adds new factual matter into the proposed SAC, the new facts and claim do not greatly alter the nature of the litigation in this case. Indeed, Plaintiff's claim that Defendant violated the contract between Defendant and the government arises from the same sexual assault allegations underlying each of Plaintiff's existing claims.

Moreover, Defendant's discovery and interrogatory arguments are insufficient to deny leave to amend. The need for additional discovery and the prospect of delay, by themselves, do not constitute prejudice. *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C-06-3359, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed

by the non-moving party in itself constitutes a sufficient showing of prejudice."); *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading."). Here, while additional discovery will likely be needed, the close of discovery is not for another four months. ECF No. 28, ¶ 5. *Cf. Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave where proposed amendment added additional causes of action which would have required further discovery and discovery was set to close five days after motion was filed). Furthermore, while Defendant takes issue with the fact that Plaintiff filed their motion on the deadline to serve all written discovery requests, the Court has already noted that Plaintiff complied with the scheduling order's deadline for motions to amend the pleadings. ECF No. 28 ¶¶ 2-3. Additionally, if necessary, the parties may seek to continue certain discovery deadlines or agree to additional interrogatories—a reality that has already been contemplated by Magistrate Judge Leshner. *See* ECF No. 50.

Lastly, the Court notes that, because the new claim concerns a contract between Defendant and the government, any new discovery will likely center around documents already within Defendant's control. *See Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021) (reasoning further discovery would not be prejudicial because the city possessed the records for the potential discovery to be conducted).

Overall, Defendant has not demonstrated the "substantial" prejudice necessary to overcome the presumption in favor of granting leave to amend. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002).

**CONCLUSION**

In sum, the Court finds Defendant has not met its burden to show why leave to amend should be denied. Accordingly, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint, ECF No. 38. Plaintiff shall file an amended complaint within seven (7) days of the Court's order.

The hearing set for August 14, 2026, is hereby VACATED. Defendant's motion to appear remotely, ECF No. 51, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge